IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

SANRIO, INC.

    Plaintiff,

BEAUTY EXCHANGE, INC. D/B/A
BEAUTY EXCHANGE #1; SANA
BEAUTY SUPPLIES, INC. D/B/A
BEAUTY EXCHANGE #2; BEAUTY
EXCHANGE #6, INC. D/B/A BEAUTY
EXCHANGE #6; IBRAHIM BEAUTY
SUPPLY, INC. D/B/A BEAUTY
EXCHANGE #9; BEIT HANINA BEAUTY
INC. D/B/A BEAUTY EXCHANGE #10;
AMMAR BEAUTY, INC. D/B/A BEAUTY
EXCHANGE #11; AHMAD MUNTASER
and MOHAMAD MUNTASER.

    Defendants.
_____/

CASE NO.:

COMPLAINT FOR COPYRIGHT
INFRINGEMENT, TRADEMARK
INFRINGEMENT AND
UNFAIR COMPETITION

## COMPLAINT

Plaintiff, Sanrio, Inc., by and through its undersigned attorneys, alleges for its Complaint as follows:

## INTRODUCTION

1. Plaintiff files this action to combat the intentional infringement, with willfulness and/or reckless disregard, of its copyrighted properties and trademarks by Defendants Beauty Exchange, Inc. d/b/a Beauty Exchange #1, Sana Beauty Supplies, Inc. d/b/a Beauty Exchange #2, Beauty Exchange #6, Inc. d/b/a Beauty Exchange #6, Ibrahim Beauty Supply, Inc. d/b/a Beauty Exchange #9, Beit Hanina Beauty, Inc. d/b/a Beauty Exchange #10, Ammar Beauty, Inc. d/b/a Beauty Exchange #11, and

their respective owners and/or operators, Ahmad Muntaser and Mohamad Muntaser (hereinafter collectively referred to as "Defendants"). Defendants operate a chain of beauty supply stores in Florida, selling and distributing jewelry and jewelry accessories that incorporate Plaintiff's copyrighted and trademarked properties without the permission of Plaintiff.

2. Plaintiff seeks to halt Defendants' infringement of Plaintiff's intellectual properties and seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, Lanham Act and Florida common law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiff's cause of action arises under the United States Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act") and the Federal Trademark Act, 15 U.S.C. § 1051 et. seq. (the "Lanham Act"). Further, this Court has jurisdiction over the Plaintiff's Florida state common law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

### Plaintiff

5. Plaintiff, Sanrio, Inc. (hereinafter referred to as "Sanrio" or "Plaintiff"), is a corporation, duly organized and existing under the laws of the State of California, having its principal place of business in South San Francisco, CA. Sanrio is a wholly owned subsidiary of Sanrio Company, Ltd. Sanrio Company, Ltd. is a corporation

2

organized under the laws of Japan, having its principal place of business in Tokyo, Japan (hereinafter referred to as "Sanrio Company").

        A.     For more than fifty years, Sanrio Company has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Company for use by children and young adults. Certain of the characters and designs have achieved such global fame and popularity that Sanrio Company has produced and distributed television programming for children based on the character artwork.

        B.     A significant source of revenue for Sanrio Company is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Tuxedosam, Bad Badtz-Maru, Chococat, KeroKeroKeroppi, and My Melody (hereinafter individually and collectively referred to as the "Sanrio Company Characters").

        C.     The revenue from products using the Sanrio Company Characters sold in the United States is substantial. The appearance and other features of Sanrio Company's intellectual property are inherently distinctive and serve to identify Sanrio Company as the source of products bearing the Sanrio Company Characters. The design, configuration and distinctive features of the Sanrio Company Characters and other Sanrio Company copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Sanrio Company Copyrighted Designs") are wholly original with Sanrio Company and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter

under the Copyright Act. Sanrio Company is the owner of the Sanrio Company Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act.

        D.     Sanrio Company has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the Sanrio Company Copyrighted Designs, and Sanrio Company owns one or more certificates of registration for works in which each of the Sanrio Company Copyrighted Designs appear. A representative sample of copyright registrations for the Sanrio Company Copyrighted Designs are indexed in Exhibit A. Products bearing the Sanrio Company Copyrighted Designs have been manufactured, sold and distributed by Sanrio Company or under its authority, and in conformity with the provisions of copyright law. Sanrio Company and those acting under its authority have complied with their obligations under such copyright laws.

        E.     Sanrio Company owns all right, title and interest in and to and holds exclusive rights to develop, manufacture, market, and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Sanrio Company's Characters.

        F.     Sanrio Company is the owner of world famous registered marks which serve to distinguish Sanrio Company's products. Some of those trademarks have been used continuously for over twenty-five (25) years. Each year Sanrio Company spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality. A representative sample of

trademark registrations for Sanrio Company's Characters is indexed in Exhibit B. (hereinafter collectively referred to as the "Sanrio Company Trademarks").

G. The Sanrio Company Trademarks are all valid, extant and in full force and effect. The Sanrio Company Trademarks are all exclusively owned by Sanrio Company. Sanrio Company has continuously used each of the Sanrio Company Trademarks from the registration date, or earlier, until the present, and at all times with such use being relevant to the claims alleged in this Complaint.

H. As a result of advertising and sales, together with longstanding consumer acceptance, the Sanrio Company Trademarks identify Sanrio Company's products and authorized sales of these products. The Sanrio Company Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

I. Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title and interest in and to the Sanrio Company's Copyrighted Designs as well as the Sanrio Company Trademarks (hereinafter collectively referred to as the "Sanrio Company Properties"). Through Sanrio, Sanrio Company has authorized and licensed the manufacture and sale of various different types of product that bear the Sanrio Company Properties, including but not limited to, jewelry, accessories and similar products.

## Defendants

6. Defendant, Beauty Exchange, Inc. d/b/a Beauty Exchange #1 (hereinafter referred to as "B.E. #1") is, upon information and belief, a Florida corporation whose principal place of business is 1020 W. Sunrise Blvd., Sunrise, FL 33311.

7. Defendant, Sana Beauty Supplies, Inc. d/b/a Beauty Exchange #2 (hereinafter referred to as "B.E. #2") is, upon information and belief, a Florida corporation whose principal place of business is 1172 N. State Rd. 7, Lauderhill, FL 33313.

8. Defendant, Beauty Exchange #6, Inc. d/b/a Beauty Exchange #6 (hereinafter referred to as "B.E. #6") is, upon information and belief, a Florida corporation whose principal place of business is 6200 W. Oakland Park, Sunrise, FL 33313.

9. Defendant, Ibrahim Beauty Supply, Inc. d/b/a Beauty Exchange #9 (hereinafter referred to as "B.E. #9") is, upon information and belief, a Florida corporation whose principal place of business is 6359 W. Colonial Dr., Orlando, FL 32818.

10. Defendant, Beit Hanina Beauty, Inc. d/b/a Beauty Exchange #10 (hereinafter referred to as "B.E. #10") is, upon information and belief, a Florida corporation whose principal place of business is 4497 N. Pine Hills Rd., Orlando, FL 32808.

11. Defendant, Ammar Beauty, Inc. d/b/a Beauty Exchange #11 (hereinafter referred to as "B.E. #11") is, upon information and belief, a Florida corporation whose principal place of business is 11820 NW 10th Avenue, Miami, FL 33168.

12. Defendants B.E. #1, B.E. #2, B.E. #6, B.E. #9, B.E. #10, and B.E. #11 will hereinafter be collectively referred to as the "B.E. Corporations".

13. Defendant, Ahmad Muntaser (hereinafter referred to as "A. Muntaser") is, upon information and belief, an individual residing at 3290 SW 139th Terrace, Davie, FL 33330, and the primary officer and/or director of the B.E. Corporations. A. Muntaser has the right and ability to supervise or control the infringing activity alleged herein and has a direct financial interest in such activity.

14 Defendant, Mohamad Muntaser (hereinafter referred to as "M. Muntaser") is, upon information and belief, an individual residing at 3290 SW 139th Terrace, Davie, FL 33330, and the primary officer and/or director of the B.E. Corporations. M. Muntaser has the right and ability to supervise or control the infringing activity alleged herein and has a direct financial interest in such activity.

15. Defendants, B.E. Corporations, upon information and belief, are related companies all operating under the Beauty Exchange name, which are owned and/or operated by co-Defendants M. Muntaser and A. Muntaser. B.E. Corporations, M. Muntaser and A. Muntaser will hereinafter be collectively referred to as "Beauty Exchange" or "Defendants".

## INFRINGING CONDUCT

16. Defendants are in the business of advertising, marketing, promoting, distributing, offering for sale, and selling wholesale quantities of unauthorized jewelry and accessories bearing Plaintiff's Sanrio Company Copyrighted Designs and Sanrio Company Trademarks (hereinafter referred to as the "Unauthorized Merchandise").

17. Defendants have advertised, marketed, promoted, distributed, offered for sale, and sold wholesale quantities of Unauthorized Merchandise through the six (6) separate B.E. Corporations locations noted above. Attached as collective Exhibit C-1 through C-6 are photographs of Unauthorized Merchandise and the corresponding receipts showing the sale of such Unauthorized Merchandise by the Defendants at the six Beauty Exchange locations.

18. Plaintiff has never permitted Defendants to advertise, market, promote, distribute, offer for sale, or sell the Unauthorized Merchandise.

## COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. §501)

19. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

20. Defendants are advertising, marketing, promoting, distributing, offering for sale, and selling Unauthorized Merchandise that incorporates unauthorized reproductions and/or copies of the Sanrio Company Copyrighted Designs, including, but not limited to Hello Kitty. Photographs of samples of the Unauthorized Merchandise are attached as Exhibit C-1 through C-6.

21. Defendants have never been authorized to advertise, market, promote, distribute, offer for sale, and sell the Unauthorized Merchandise, which incorporates the Sanrio Company Copyrighted Designs.

22. Defendants' conduct, described above, infringes upon the Sanrio Company Copyrighted Designs. Defendants had both actual and constructive knowledge of Plaintiff's exclusive rights. Each specific infringement of the Sanrio Company Copyrighted Designs can form the basis for a separate claim against Defendants under the Copyright Act.

23. Upon information and belief, Defendants acted willfully and/or with reckless disregard of Plaintiff's rights, and Defendants' infringements have irreparably harmed the Sanrio Company Copyrighted Designs and threaten further infringement and further irreparable harm to the Sanrio Company Copyrighted Designs. Further harm to Plaintiff is imminent, and Plaintiff is without an adequate remedy at law with respect to such harm. Unless Defendants' acts are enjoined and the illicit counterfeiters of the Sanrio Company Copyrighted Designs are stopped, it is highly probable that Defendants, or others under Defendants' direction, will continue to market and sell the Unauthorized Merchandise.

24. Defendants have obtained illicit profits as a result of their wrongful acts.

25. Plaintiff is entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504, or actual damages and Defendants' profits.

## COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114 and 1116)

26. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

27. Plaintiff is the licensee of the exclusive rights to the Sanrio Company Trademarks, indexed as Exhibit B, which are in full force and effect. Many of the Sanrio Company Trademarks are incontestable pursuant to 15 U.S.C. § 1065.

28. Plaintiff, or those under its authority, manufacture, sell and distribute all of its advertising and products in conformity with the provisions of United States trademark law.

29. Notwithstanding Plaintiff's well-known, prior common law and statutory rights, Defendants have, with actual and constructive notice of Plaintiff's rights, adopted and used the Sanrio Company Trademarks in conjunction with advertising, marketing, promoting, distributing, offering for sale, and selling the Unauthorized Merchandise in the State of Florida and in interstate commerce.

30. Defendants have marketed and sold the Unauthorized Merchandise bearing the Sanrio Company Trademarks without Plaintiff's authorization. Defendants' unauthorized use of the Sanrio Company Trademarks, both in the State of Florida and in interstate commerce, has and will continue to cause a likelihood of confusion, deception, and mistake as to Plaintiff's affiliation with Defendants.

31. Said acts of infringement will cause irreparable injury to Plaintiff if Defendants are not enjoined by the Court from further violation of Plaintiff's rights, as Plaintiff has no adequate remedy at law.

32. Plaintiff has suffered damages as a result of Defendants' acts.

33. Defendants' use in commerce of the Sanrio Company Trademarks in conjunction with the Unauthorized Merchandise is an infringement of the Sanrio Company Trademarks in violation of 15 U.S.C. § 1114(1).

34. Defendants committed the acts alleged herein willfully and/or with reckless disregard of Plaintiff's rights.

## COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125)

35. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

36. As a direct result of Plaintiff's longstanding use, sales, advertising, and marketing, the Sanrio Company Properties have acquired a secondary and distinctive meaning among the public who have come to identify the Sanrio Company Properties with Plaintiff and its affiliated companies.

37. Defendants misappropriated the Sanrio Company Properties in order to confuse the public into believing that their conduct was authorized by Plaintiff.

38. Defendants, by misappropriating and using the likenesses of the Sanrio Company Properties in connection with the advertising, marketing, promoting, distributing, offering for sale, and selling of the Unauthorized Merchandise, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of the Unauthorized Merchandise.

39. Defendants have caused such Unauthorized Merchandise to enter into interstate commerce with reckless disregard of Plaintiff's rights, and/or willfully with

full knowledge of the falsity of the designation of their origin, description and representation in an effort to mislead the purchasing public into believing that such products are authorized, or emanate from Plaintiff.

40. These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

41. Defendants have obtained gains, profits and advantages as a result of its unlawful acts.

42. Plaintiff has suffered monetary damages as a result of Defendants' acts.

## COUNT IV - UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

43. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

44. Plaintiff has expended significant sums of money in advertising and marketing, which feature its products, and in creating a consumer demand for such products in Florida and elsewhere in the United States. Consequently, these products have become widely known and accepted.

45. Defendants have advertised, marketed, promoted, distributed, offered for sale, and sold the Unauthorized Merchandise bearing exact copies of the Sanrio Company Properties in Florida, thereby passing them off as products authorized and/or distributed by Plaintiff.

46. Defendants have knowingly and willfully and/or with reckless disregard of Plaintiff's rights appropriated the Sanrio Company Properties in an effort to create

the impression that Defendants' counterfeit products are sanctioned by Plaintiff, and to misappropriate the goodwill associated with the Sanrio Company Properties.

47. Defendants' acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in the Sanrio Company Properties, and Plaintiff's valuable trademark rights to the unjust enrichment of Defendants.

48. The Unauthorized Merchandise that is advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants is calculated and likely to deceive and mislead the purchasers in the belief that they originate with, or are authorized by Plaintiff.

49. The continued passing off by Defendants of such Unauthorized Merchandise as if such products originated from Plaintiff, has caused and unless restrained, will continue to cause serious and irreparable injury to Plaintiff.

50. Plaintiff has no adequate remedy at law and will suffer irreparable harm as a result of Defendants' acts.

51. Plaintiff has suffered damages as a result of Defendants' acts.

52. Defendants committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively and/or with a reckless disregard of Plaintiff's rights with the intent to injure Plaintiff and its businesses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment against Defendants as follows:

1. Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with it from the following acts:

   a. Advertising, marketing, promoting, distributing, offering for sale, and selling, or otherwise brokering the Unauthorized Merchandise;

   b. Using the Sanrio Company Properties in any unauthorized manner;

   c. Making any false statement or representation to suggest that Defendants are affiliated with, or otherwise sponsored by Plaintiff;

   d. Engaging in any other activity constituting unfair competition or infringement of any of the Sanrio Company Properties, or dilution of Plaintiff's name, reputation and/or goodwill;

   e. Effecting assignments or transfers, forming new entities or associations and/or using any device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a through d;

   f. Destroying or disposing of any evidence of Defendants' advertising, marketing, promoting, distributing, offering for sale, and selling of the Unauthorized Merchandise, or Defendants' unauthorized use of the Sanrio Company Properties; and

   g. Aiding, abetting, or contributing to the advertising, marketing, promoting, distributing, offering for sale, and sale of the Unauthorized Merchandise, or the unauthorized use of the Sanrio Company Properties.

2. Directing that Defendants immediately cease the advertising, marketing, promoting, distributing, offering for sale, and sale of Unauthorized Merchandise.

3. Directing that Defendants deliver for destruction all Unauthorized Merchandise and/or infringing products in their possession or under their control, bearing any of the Sanrio Company Properties, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof.

4. Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 through 3 above.

5. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiff authorized, or is related in any way to any products advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants.

6. Awarding to Plaintiff from Defendants, as a result of Defendants' advertising, marketing, promoting, distributing, offering for sale, and selling, or otherwise brokering the Unauthorized Merchandise bearing the Sanrio Company Trademarks, three times Defendants' profits, after an accounting, or statutory damages, should Plaintiff opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of Plaintiff's trademarks infringed upon by Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00) for Plaintiff's trademarks infringed upon by Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

7. Awarding to Plaintiff three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117(a).

8. Awarding to Plaintiff statutory damages, pursuant to 15 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00), nor any more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by Defendant, at the Court's discretion, or One Hundred and Fifty Thousand Dollars ($150,000.00) per infringement upon a finding that Defendant's conduct was willful.

9. Awarding to Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

10. Awarding to Plaintiff its costs in bringing this action.

11. Awarding to Plaintiff other such relief as this Court deems just.

Dated this 15th day of November 2016.

<br>

_____
Michael W. O. Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Attorneys for Plaintiffs