UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:16-CV-62697-WJZ

SANRIO, INC.,

       Plaintiff,

vs.

BEAUTY EXCHANGE, INC. d/b/a
BEAUTY EXCHANGE #1; SANA
BEAUTY SUPPLIES, INC. d/b/a
BEAUTY EXCHANGE #2; BEAUTY
EXCHANGE #6, INC. d/b/a BEAUTY
EXCHANGE #6; IBRAHIM BEAUTY
SUPPLY, INC. d/b/a BEAUTY
EXCHANGE #9; BEIT HANINA BEAUTY
SUPPLY, INC. d/b/a BEAUTY EXCHANGE
#10; AMMAR BEAUTY, INC. d/b/a BEAUTY
EXCHANGE #11; AHMAD MUNTASER
and MOHAMAD MUNTASER,

       Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**BEIT HANINA BEAUTY SUPPLY, INC. D/B/A BEAUTY EXCHANGE #10**

Defendant Beit Hanina Beauty Supply, Inc. d/b/a Beauty Exchange #10 ("Defendant #10"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint (Dkt. 1) filed by Sanrio, Inc. ("Plaintiff"), as follows.  Defendant #10 is answering only for itself and not for any of the other defendants.

**Introduction**

1.      Defendant #10 has no knowledge or information as to why Plaintiff filed this

action.  For itself, Defendant #10 denies the allegations of intentional infringement and

1

reckless disregard relating to Plaintiff's properties.  Defendant #10 admits that it operates a single store in Orlando, Florida that offers for sale and sells, among other items, inexpensive jewelry and accessories.  Defendant #10 is without knowledge or information to answer the other allegations of the Complaint, and on that basis it hereby denies the same.

2.      Defendant #10 has no knowledge or information as to what Plaintiff seeks, and states that the Complaint speaks for itself as to the particular remedies Plaintiff is seeking.  Defendant #10 denies the remaining allegations in the Complaint insofar as they are addressed to it.

**Jurisdiction and Venue**

3.      Defendant #10 denies liability under these laws but does not contest subject matter jurisdiction.

4.      Defendant #10 denies that venue is proper as to it.

**The Parties**

5.      Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

      A.  Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(A) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

      B.  Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(B) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

C.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(C) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

D.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(D) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.  Defendant #10 admits that Exhibit A purports to be a list of the copyright registrations owned by Plaintiff's parent company.

E.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(E) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

F.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(F) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.  Defendant #10 admits that Exhibit B purports to be a list of federal trademark registrations owned by Plaintiff's parent company.

G.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(G) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

H.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(H) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

     I.   Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 5(I) of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

6.     Paragraph 6 of the Complaint is not applicable to Defendant #10.

7.     Paragraph 7 of the Complaint is not applicable to Defendant #10.

8.     Paragraph 8 of the Complaint is not applicable to Defendant #10.

9.     Paragraph 9 of the Complaint is not applicable to Defendant #10.

10.     Defendant #10 admits the allegations in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint is not applicable to Defendant #10.

12.     No response is warranted to paragraph 12 of the Complaint.

13.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

14.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 14 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

15.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

## [Allegedly] Infringing Conduct

16.     Defendant #10 denies the allegations of paragraph 16 of the Complaint as they relate to it.

17.     Defendant #10 denies the allegations of paragraph 16 of the Complaint as they relate to it.  Defendant #10 is without knowledge or information sufficient to admit or deny the allegations relating to the photographs shown in Exhibits C-1 through C-6, and based upon such lack of knowledge or information, it hereby denies the same.

18.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

## Count I – Copyright Infringement (17 U.S.C. §501)

19.     Defendant #10 incorporates by reference and realleges the responses in paragraphs 1 through 18 above as though fully stated herein.

20.     Defendant #10 denies the allegations in paragraph 20 of the Complaint.

21.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

22.     Defendant #10 denies the allegations in paragraph 22 of the Complaint.

23.     Defendant #10 denies the allegations in paragraph 23 of the Complaint.

24.     Defendant #10 denies the allegations in paragraph 24 of the Complaint.

25      Defendant #10 denies the allegations in paragraph 25 of the Complaint.

## Count II – Trademark Infringement and Trademark Counterfeiting (15 U.S.C. §§1114 and 1116)

26.     Defendant #10 incorporates by reference and realleges the responses in paragraphs 1 through 25 above as though fully stated herein.

27.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

28.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

29.     Defendant #10 denies the allegations in paragraph 29 of the Complaint.

30.     Defendant #10 denies the allegations in paragraph 30 of the Complaint.

31.     Defendant #10 denies the allegations in paragraph 31 of the Complaint.

32.     Defendant #10 denies the allegations in paragraph 32 of the Complaint.

33.     Defendant #10 denies the allegations in paragraph 33 of the Complaint.

34.     Defendant #10 denies the allegations in paragraph 34 of the Complaint.

### Count III – Unfair Competition Under the Lanham Act (15 U.S.C. §1125)

35.     Defendant #10 incorporates by reference and realleges the responses in paragraphs 1 through 34 above as though fully stated herein.

36.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

37.     Defendant #10 denies the allegations in paragraph 37 of the Complaint.

38.     Defendant #10 denies the allegations in paragraph 38 of the Complaint.

39.     Defendant #10 denies the allegations in paragraph 39 of the Complaint.

40.     Defendant #10 denies the allegations in paragraph 40 of the Complaint.

41.     Defendant #10 denies the allegations in paragraph 41 of the Complaint.

42.     Defendant #10 denies the allegations in paragraph 42 of the Complaint.

**<u>Count IV – Unfair Competition Under Florida's Common Law</u>**

43.     Defendant #10 incorporates by reference and realleges the responses in paragraphs 1 through 42 above as though fully stated herein.

44.     Defendant #10 is without knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

45.     Defendant #10 denies the allegations in paragraph 45 of the Complaint.

46.     Defendant #10 denies the allegations in paragraph 46 of the Complaint.

47.     Defendant #10 denies the allegations in paragraph 47 of the Complaint.

48.     Defendant #10 denies the allegations in paragraph 48 of the Complaint.

49.     Defendant #10 denies the allegations in paragraph 49 of the Complaint.

50.     Defendant #10 denies the allegations in paragraph 50 of the Complaint.

51.     Defendant #10 denies the allegations in paragraph 51 of the Complaint.

52.     Defendant #10 denies the allegations in paragraph 52 of the Complaint.

53.     Defendant #10 denies all allegations in the Complaint that are not expressly admitted herein.

54.     Defendant #10 denies that the Plaintiff is entitled to any of the relief requested in the Complaint.

WHEREFORE, Defendant #10 respectfully request that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in their favor, and that they be awarded their costs and disbursements, including reasonable attorneys' fees, and such other relief as this Court deems just and equitable.

## Jury Demand

Defendant #10 demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## Affirmative Defenses

1.      Plaintiff has failed to state a claim against Defendant #10 for which relief can be granted.

2.      Defendant #10 has no knowledge of Plaintiff's alleged trademark rights.

3.      Defendant #10 had no intent to violate any trademark rights of Plaintiff.

4.      Plaintiff has no standing to pursue this case against Defendant #10.

5.      Plaintiff failed to adequately plead any of the alleged violations in a manner that gives sufficient notice to Defendant #10 to enable Defendant #10 to respond.

6.      Any sales by Defendant #10 of allegedly infringing products were *de minimis.*

7.      Plaintiff suffered no damage or harm from any alleged actions of Defendant #10.

8.      The Complaint fails to join necessary parties.

Respectfully submitted this 30th day of December 2016.

/s/Ava K. Doppelt
Ava K. Doppelt
Florida Bar No. 393738
adoppelt@addmg.com
Allen, Dyer, Doppelt,
Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone: (407) 841-2330
Facsimile:  (407) 841-2343
**Attorney for Defendant**
**Beit Hanina Beauty Supply, Inc.**
**d/b/a Beauty Exchange #10**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 30, 2016, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing

to the following attorneys of record:

Michael O. Hollihan, Esq.
Kimberly Ann Harchuck, Esq.
Holihan Law
1101 N. Lake Destiny Road, Suite 275
Maitland, Florida 32751

**Attorneys for Plaintiff**

Edward S. Polk, Esq.
Cole, Scott & Kissane, P.A.
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156

**Attorneys for Defendant**
**Sana Beauty Supplies, Inc.**
**d/b/a Beauty Exchange #2**

Karen L. Stetson, Esq.
Gray Robinson, P.A.
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131

**Attorneys for Defendants**
**Beauty Exchange, Inc.**
**d/b/a Beauty Exchange #1,**
**Beauty Exchange #6, Inc.**
**d/b/a Beauty Exchange #6,**
**Ibrahim Beauty Supply, Inc.**
**d/b/a Beauty Exchange #9,**
**Ammar Beauty, Inc.**
**d/b/a Beauty Exchange #11,**
**Ahmad Muntaser and**
**Mohamad Muntaser**

/s/Ava K. Doppelt