```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 16-62697-CIV-ZLOCH
```

SANRIO, INC.,

      Plaintiff,

vs.                                **ORDER OF INSTRUCTIONS**

BEAUTY EXCHANGE, INC. d/b/a
BEAUTY EXCHANGE #1, et al.,

      Defendants.

                                  /

     THIS MATTER is before the Court sua sponte.  This Order is necessitated by the Court's observations and hope that this Order will inform the lawyers what will be expected of them in the course of prosecuting and defending this action.  It is hereby

     **ORDERED AND ADJUDGED** as follows:

     1. Within twenty (20) calendar days from the date of this Order, Counsel for the Parties, unless excluded by Rule 26(a)(1)(B), shall meet either in person or via telephone for the purposes prescribed in Federal Rule of Civil Procedure 26(f).  Within seven (7) calendar days of meeting the Parties are _jointly_ responsible for filing with the Court a Scheduling Report.  Said Report must include all categories listed in Local Rule 16.1(b)(2)-(3) (including all subparts listed therein) and an agreed time and place to exchange all discovery listed in Federal Rule of Civil Procedure 26(a)(1)(A) by the time listed in Federal Rule 26(a)(1)(c).  Together with the Scheduling Report, the Parties shall also file corporate disclosure statements in compliance with Federal Rule of Civil Procedure 7.1.

     2. The Parties shall notify the Court in their Scheduling Report as to whether this case was previously filed or whether it is substantially related to another case previously or currently pending before another court.  S.D. Fla. L.R. 3.8.

     3. The Court does not routinely refer discovery matters to a Magistrate Judge.  The Court expects that the Parties shall abide by the Federal and Local Rules governing civil actions; however, based on the Court's observations it is necessary to stress certain Rules that are all too often ignored by parties:

        a. Pursuant to Local Rule 7.1(a)(1), every motion must include a memorandum of law that cites both the applicable Rule or Statute and the governing authority in support of the movant's position, except those so listed in the Local Rule.  S.D. Fla. L.R. 7.1(a)(1).  A Party's failure to provide such a memorandum is grounds for automatic denial of the same;

        b. Every non-excluded motion must, in accord with Local Rule 7.1(a)(3), include a statement noting conferral with opposing counsel or detail, with great specificity, the efforts taken to confer.  By way of example, a single phone call or e-mail just prior to filing the motion does not satisfy the requirement of conferral.  Failure to confer or detail the reasons for failing to confer is grounds for denial of the motion and imposition of attorney's fees as a sanction. S.D. Fla. L.R. 7.1(a)(3);

        c. Every motion to compel and motion for protective order must include a verbatim copy of the specific discovery request and objection at issue and the date on which the discovery request was propounded.  S.D. Fla. L.R. 26.1(h);

        d. Every motion for attorney's fees must be accompanied by all of the information listed in Local Rule 7.3. In addition, the billing records submitted by the Parties must be those normally used by the attorney's firm to record the time billed by attorneys.  The Court will not entertain attorney's fees motions unless they are accompanied by copies of the original time sheets kept by the

       attorney's firm. S.D. Fla. L.R. 7.3.;
e. Pursuant to Federal Rule 37, fees will be imposed if the Court grants a Party's motion to compel, or if discovery is submitted after a motion to compel is filed.  Fed. R. Civ. P. 37(a)(5)(A). Similarly, a motion to compel that is denied may result in an award of attorney's fees and costs to the Party opposing the motion.  Fed. R. Civ. P. 37(a)(5)(B);
f. The Court's Order Setting Pre-Trial Conference will contain a discovery cut-off date.  This means that all discovery must be <u>completed</u> by the date prescribed.  Therefore, all discovery must be propounded with sufficient time for the Party to whom the discovery request is directed to respond before the deadline.  For example, a Party seeking to serve interrogatories on an opposing Party must do so more than thirty (30) days before the discovery cut-off date. Any discovery request propounded, without leave of Court, that gives the Party to whom it is directed an insufficient amount of time to respond before the discovery cut-off date shall be deemed moot, and the Party will be under no obligation to respond to the same;
g. Parties must note that the mere filing of a motion for extension of time or for a protective order neither absolves the moving party of its duty to respond to discovery within the time determined by the Rules, Court Order, or agreement of the Parties, nor does it toll the time when such discovery is to be filed;
h. The Court otherwise directs the Parties to the Local Rules of the Southern District of Florida and to the two Appendices attached thereto, which clearly spell out the expectations of attorneys who practice before this Court.

4. Material that is listed in Federal Rule of Civil Procedure 5.2 must be filed in accordance with the procedures prescribed by the United States District Court for the Southern District of Florida Case Management Electronic Case Filing Administrative Procedures § 6.

5. The Court does not grant prospective motions to file under seal; such motions will only be granted on a case-by-case basis and for no longer than one (1) year.

6. Any motion to amend the Complaint must include the following: whether the party or claim it seeks to add is proper under Federal Rules 18-20, and why; the basis for adding the additional parties or claims; whether the additional party and claims could have been brought earlier; and if so, why they were not included.

7. Any motion for summary judgment must comport with Local Rule 56.1.  The Court strictly enforces the provision of Local Rule 56.1(a) and its requirements concerning the statements of fact that are to accompany any motion for summary judgment and the response thereto.

8. If Pre-trial Conference, to be set by separate order, is cancelled, all motions in limine and memoranda treating unusual questions of law must be submitted within eight (8) days of the date for which Pre-trial Conference was scheduled.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   11th   day of January, 2017.

                                                               */s/ William J. Zloch*
                                                   WILLIAM J. ZLOCH
                                                 United States District Judge

Copies furnished:

All Counsel of Record