UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-62697-WJZ

SANRIO, INC.,

    Plaintiff,

v.

BEAUTY EXCHANGE, INC. D/B/A
BEAUTY EXCHANGE #1; SANA
BEAUTY SUPPLIES, INC. D/B/A
BEAUTY EXCHANGE #2; BEAUTY
EXCHANGE #6, INC. D/B/A BEAUTY
EXCHANGE #6; IBRAHIM BEAUTY
SUPPLY, INC. D/B/A BEAUTY
EXCHANGE #9; BEIT HANINA BEAUTY
INC. D/B/A BEAUTY EXCHANGE #10;
AMMAR BEAUTY, INC. D/B/A BEAUTY
EXCHANGE #11; AHMAD MUNTASER
and MOHAMAD MUNTASER,

    Defendants.
_____/

## STIPULATED PERMANENT INJUNCTION AND FINAL ORDER

Upon consideration of the Joint Stipulation for Permanent Injunction and Final Order submitted by Plaintiff, Sanrio, Inc. ("Plaintiff") and Beauty Exchange, Inc. d/b/a Beauty Exchange #1, Sana Beauty Supplies, Inc. d/b/a Beauty Exchange #2, Beauty Exchange #6, Inc. d/b/a Beauty Exchange #6, Ibrahim Beauty Supply, Inc. d/b/a Beauty Exchange #9, Beit Hanina Beauty Supply, Inc. d/b/a Beauty Exchange #10, Ammar Beauty, Inc. d/b/a Beauty Exchange #11, Ahmad Muntaser, and Mohamad Muntaser (collectively, "Defendants"), this Court makes the following findings of fact and conclusions of law:

    1.    Defendants have stipulated that this Court has jurisdiction over the above-styled action.

2. Defendants have stipulated that Plaintiff is the owner or exclusive licensee of the copyright to the Hello Kitty character as shown on Exhibit A, which is the subject of copyright registration VA 1-342-775, attached as Exhibit B, as well as the Hello Kitty design marks shown on Exhibit C. Defendants also acknowledge Plaintiff's exclusive rights to the "Hello Kitty" and "Sanrio" word marks identified on Exhibit C. The copyrighted property and trademarks identified on Exhibits A and C will hereinafter be collectively referred to as the "Sanrio Properties".

3. Plaintiff brought this action against Defendants, alleging claims of copyright infringement, trademark infringement and counterfeiting, and unfair competition under the Lanham Act.

4. Plaintiff's action arose out of Defendants' alleged infringement of the Hello Kitty character and design marks through Defendants' advertising, marketing, promoting, distributing, offering for sale, and selling of merchandise bearing unauthorized reproductions of the Hello Kitty character and design marks (hereinafter referred to as the "Unauthorized Merchandise"). Plaintiff has not alleged that Defendants infringed the "Hello Kitty" and "Sanrio" word marks.

5. Defendants have never been authorized by Plaintiff to advertise, market, promote, distribute, offer for sale, or sell Unauthorized Merchandise.

6. Plaintiff alleges that it has suffered irreparable injury as a result of Defendants' advertising, marketing, promoting, distributing, offering for sale, and selling the Unauthorized Merchandise. Plaintiff alleges it will continue to suffer irreparable harm

and injury should this Court not issue a permanent injunction enjoining such infringing activities by Defendants.

7. Defendants, without making an admission of liability, and while denying all allegations of liability, have stipulated and agreed to entry of a permanent injunction, forever enjoining them from advertising, marketing, promoting, distributing, offering for sale, and selling Unauthorized Merchandise, or making any commercial exploitation of any kind of merchandise bearing unauthorized simulations, reproductions, counterfeits, copies, or design that is substantially similar in appearance to the Sanrio Properties.

In view of the foregoing, IT IS ORDERED AND ADJUDGED that a Permanent Injunction is entered as to Defendants, pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants, their agents, employees, and any persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from the following:

    A. Advertising, marketing, promoting, distributing, offering for sale, and selling Unauthorized Merchandise, or trafficking in any merchandise not authorized by Plaintiff and bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Sanrio Properties, or bearing a design that is of a substantially similar appearance to the Sanrio Properties;

    B. Passing off, inducing, or enabling others to sell or pass off, as authentic merchandise provided by Plaintiff or otherwise authorized by Plaintiff, any product or service authorized by Plaintiff or produced under the control or

supervision of Plaintiff and approved by Plaintiff, which uses any of the Sanrio Properties;

C. Committing any act calculated to cause purchasers to falsely believe that products offered by Defendants are those offered under the control and supervision of Plaintiff, or sponsored, approved, or guaranteed by Plaintiff, or are connected with and produced under the control or supervision of Plaintiff;

D. Diluting and/or infringing the Sanrio Properties, or otherwise damaging the goodwill associated with the same; and

E. Causing, aiding, or abetting any person from doing any act proscribed in A-D above.

It is further ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this action to enforce this Permanent Injunction and Final Order. Defendants agree not to contest the validity of the Sanrio Properties in any such proceedings.

It is further ORDERED AND ADJUDGED that the parties waive appeal of this Permanent Injunction and Final Order.

It is further ORDERED AND ADJUDGED that each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

Dated this _____ day of _____, 2017.

_____
HONORABLE WILLIAM J. ZLOCH
United States District Judge

4

The foregoing has been stipulated by the following:

/s/ Michael W. O. Holihan
Michael W.O. Holihan, Esq.
Florida Bar No. 0782165
Kimberly A. Harchuck, Esq.
Florida Bar No. 0064852
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, FL 32751
Phone: 407.660.8575
Fax:   407.660.0510
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiff

/s/ Karen L. Stetson
Karen L. Stetson, Esq.
Florida Bar No.: 742937
Gray Robinson, P.A.
333 SE Second Avenue
Suite 3200
Miami, FL 33131
305.416.6880
karen.stetson@gray-robinson.com
Beauty Exchange, Inc. d/b/a Beauty Exchange #1, Beauty Exchange #6, Inc. d/b/a Beauty Exchange #6, Ibrahim Beauty Supply, Inc. d/b/a Beauty Exchange #9, Ammar Beauty, Inc. d/b/a Beauty Exchange # 11, Ahmad Muntaser and Mohamad Muntaser

/s/ James Matulis
James Matulis, Esq.
Florida Bar No. 0077429
Law Offices of James Matulis
9806 Gretna Green Drive
Suite 100
Tampa, FL 33626
813.451.7347
jim@matulis-law.com
Counsel for Beit Hanina Beauty, Inc. d/b/a Beauty Exchange #10

/s/ Edward S. Polk
Edward S. Polk, Esq.
Florida Bar No.: 239860
Cole, Scott & Kissane, P.A.
9150 South Dadeland Blvd.
Suite 1400
Miami, FL 33156
305.350.5338
edward.polk@csklegal.com
Counsel for Sana Beauty Supplies, Inc. d/b/a Beauty Exchange #2

Date: 10/31/17
Title: owner
Name: Ahmad Muntaser

On Behalf of Beauty Exchange, Inc.
d/b/a Beauty Exchange #1

Date: 10/31/17
Title: owner
Name: Ahmad Muntaser

On Behalf of Sana Beauty Supplies, Inc.
d/b/a Beauty Exchange #2

Date: 10/31/17
Title: owner
Name: Ahmad Muntaser

On Behalf of Beauty Exchange #6, Inc.
d/b/a Beauty Exchange #6

Date: 10/31/17
Title: owner
Name: Mohamad Muntaser

On Behalf of Ibrahim Beauty Supply, Inc.
d/b/a Beauty Exchange #9

Date: 10/31/17
Title: owner
Name: Mohamad Muntaser

On Behalf of Beit Hanina Beauty Inc.
d/b/a Beauty Exchange #10

Date: 10/31/17
Title: owner
Name: Ahmad Muntaser

On Behalf of Ammar Beauty, Inc.
d/b/a Beauty Exchange #11

Date: 10/31/17

Ahmad Muntaser

Date: 10/31/17

Mohamad Muntaser

6